UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

**WASIM ISLAMIC JIHAD**  PLAINTIFF

v.  CIVIL ACTION NO. 5:07CV-P197-R

**THOMAS L. SIMPSON** *et al.*  DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's motion for appointment of counsel.  In a civil case such as this action brought under 42 U.S.C. § 1983, appointment of counsel is not a constitutional right.  *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993).  Title 28 of the United States Code, Section 1915(e)(1)[1] indicates that court-enlisted assistance of counsel is not mandatory but merely a matter of discretion.  *See, e.g., Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court.  It is a privilege and not a right.") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)).  "'It is a privilege that is justified only by exceptional circumstances.'"  *Lavado v. Keohane*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)).  "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.'  This generally involves a determination of the 'complexity of the factual and legal issues involved.'"  *Id.* (citations omitted).

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

Upon consideration of the matter, the Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this early stage in the litigation. Further, based on a review of the documents filed by Plaintiff thus far, it appears that Plaintiff is articulate and able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this time. Accordingly,

**IT IS ORDERED** that the motion for appointment of counsel (DN 3) is **DENIED**. Nothing in this Order shall preclude Plaintiff from requesting appointment of counsel at a future point in this action should circumstances arise to justify such an appointment.

Date:

cc:   Plaintiff, *pro se*
4413.005