UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:07CV-197-R

**WASIM ISLAMIC JIHAD**                                                                                   **PLAINTIFF**

**v.**

**WARDEN THOMAS L. SIMPSON** *et al.*                                                    **DEFENDANTS**

### OPINION

This matter is before the Court for initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Seeking monetary and punitive damages, Plaintiff Wasim Islamic Jihad, a convicted inmate incarcerated at the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against KSP Warden Thomas L. Simpson and KSP Captain Terry Henderson in their individual and official capacities.

Plaintiff alleges constitutional violations occurring during adjustment proceedings against him. He alleges that during the adjustment committee hearing on February 9, 2004, as well as the fifteen-day appeal period thereafter, he was mentally incompetent. He reports that he was not present at the hearing and did not waive his presence. Defendant Henderson, Chairman of the adjustment committee, allowed the hearing to proceed despite Plaintiff's absence and without allowing a legal aide or staff counsel to represent him. Following the hearing, Plaintiff received a punishment of a loss of 16 months of good-time credit and one year of segregation. He did not file an appeal with the warden until March 16, 2006. By Memorandum dated

March 21, 2006, the warden declined to consider the appeal because it was filed outside the fifteen-day appeal period.

On March 29, 2006, Plaintiff filed a declaratory judgment action in the Lyon Circuit Court challenging the February 9, 2004, disciplinary action.  By order entered May 22, 2006, the circuit court dismissed the action for failure to timely appeal the decision of the adjustment committee.  The circuit court determined that under state law Plaintiff was, in fact, mentally incompetent on February 9, 2004, as well as fifteen days following the proceeding.  The court further found that his mental disability was removed on May 2, 2005, upon his return to KSP,[1] and that his March 16, 2006, appeal to the warden was past the fifteen-day appeal period provided under CPP 15.6(F).  The circuit court denied a motion for rehearing on June 8, 2006.

Plaintiff contends that Defendant Warden Simpson knew that he was not present, did not waive his presence, and was not afforded representation in accordance with C.P.P. 15.6 B-e-3.  He also claims that no specific findings were made, which was in violation of CPP 15.6 D-3-d, and that the finding of guilt was based on an officer's statement alone without physical evidence of an injury.

Plaintiff alleges that both Defendants subjected him to cruel and unusual punishment and violated his due process rights by making him serve out his six-year sentence through October 2008.

## II.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer or employee, the trial court must review the complaint and dismiss the action, if the court

---

[1] The court noted that since his return to KSP, Plaintiff has worked as a grievance clerk and has held other jobs at the prison.

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604. A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, __,127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at __,127 S. Ct. at 1964-65 (citations omitted; alteration in *Twombly*). In reviewing a complaint under this standard, the Court must construe the pleading in the light most favorable to Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

3

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

The Supreme Court has recently held that when the face of the complaint shows that an action is time barred, the case may be dismissed summarily upon screening. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

The statute of limitations for 42 U.S.C. § 1983 actions is governed by the limitations period for personal injury cases in the state in which the cause of action arose. *Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. Ann. § 413.140(1). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run. *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint. *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

In the instant case, the Court concludes that Plaintiff's action accrued, at the latest, on March 21, 2006, when the warden declined to consider his appeal of the adjustment committee's decision. The statute of limitations, therefore, expired one year later on March 21, 2007. Because Plaintiff did not file the complaint until November 12, 2007,[2] the § 1983 action is time

---

[2] Under the "prison mailbox rule," "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Plaintiff certifies that the complaint was delivered to the prisoner mail system for mailing on November 12, 2007.

barred and must be dismissed. While Plaintiff claims that he was mentally incapacitated during the disciplinary process and through its appeal time, the state circuit court determined that Plaintiff's mental disability was removed on May 2, 2005, and Plaintiff neither contests this conclusion nor claims any mental disability after that date.

Moreover, the fact that Plaintiff filed a state declaratory action that was not final until June 2006, does not alter this Court's time-bar conclusion. First, a prisoner-plaintiff is not required to exhaust state-court remedies prior to filing a § 1983 action in federal court. Rather, a prisoner-plaintiff must only exhaust available administrative remedies, *see* 42 U.S.C. § 1997e(a), which Plaintiff did in this case when he appealed the matter to the warden. Second, even if this Court were to use the June 8, 2006, rehearing-denied date as the accrual date, the November 2007 action was still filed outside the one-year limitations period.

Furthermore, the official-capacity claims fail for two additional reasons. First, Defendants, as state officials sued in their official capacities for damages, are absolutely immune from liability under the Eleventh Amendment to the United States Constitution. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); *Daleure v. Commonwealth of Kentucky*, 119 F. Supp. 2d 683, 687 (W.D. Ky. 2000) ( "The Eleventh Amendment protects the Kentucky state government and the Kentucky Department of Corrections from suit."). Second, neither Defendant is a "person" subject to suit within the meaning of § 1983. *Will*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994) (same).

Finally, to the extent Plaintiff is attempting to hold Defendant Simpson liable in his capacity as warden, the doctrine of respondeat superior, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and the plaintiff has failed to demonstrate that Warden Simpson "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of [any] offending subordinate." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding no supervisory liability where prisoner's "only allegations against [prison officials] involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action. This is insufficient to impose liability on supervisory personnel under § 1983.").

For the reasons set forth more fully above, the instant action must be dismissed. The Court will enter a separate Order consistent with this Memorandum Opinion.

Date:

cc:   Plaintiff, *pro se*
      General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005